FILED
2011 Oct-24  AM 11:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| LEWIS A. COCHRAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 7:11-cv-1925-KOB-TMP |
| | ) | |
| CHERYL PRICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

This is an action involving alleged excessive force against the plaintiff by Correctional Officer Jason James at the Bibb Correctional Facility.  Also named as defendants in the complaint are Warden Cheryl Price, Correctional Sergeant Cook, and Captain John Hutton. On September 26, 2011, the magistrate judge filed a report recommending that all claims in this action, except the excessive force claim against Correctional Officer Jason James, be dismissed for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).  The magistrate judge further recommended that the remaining excessive force claim against Officer Jason James be referred back to him for further proceedings.

The plaintiff filed objections to the report and recommendation on October 11, 2011.  He contends that Warden Price, Sergeant Cook, and Captain Hutton should remain as defendants in this action because they were allegedly notified "each time he was threatened by Officer Jason James." (Doc. #9, p. 1).  The plaintiff states that he constantly warned the defendants that he was having problems with Officer James, but complains that "nothing was done." *Id*. at 2.  He surmises that the defendants' failure to respond was due to the fact that he  is "not from this country." *Id*. at 2.

The plaintiff's objections are not sufficient to overrule the magistrate judge's findings.  With respect to an injury to an inmate, only when a prison official is deliberately indifferent to a known danger or risk, which exposes the inmate to "objectively, sufficiently serious" harm, does a constitutional violation occur.  *Farmer v. Brennan*, 511 U.S. at 834.  *See also Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir.), *cert. denied*, 496 U.S. 928 (1990).  A danger or risk is "known" only if the prison official is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he . . . draw[s] th[at] inference." *Farmer v. Brennan*, 511 U.S. at 837.  A prison official's "failure to alleviate a significant risk that he should have perceived, but did not," is not sufficient to establish liability on the part of the official.  *Id*. at 838.  Furthermore, "[t]he known risk of injury must be a strong likelihood, rather than a mere possibility." *Brown v. Hughes*, 894 F.2d at 1537; *quoting Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989) (internal quotations omitted.).

In this instance, although the plaintiff asserts the general allegation that he complained to Price, Cook, and Hutton about Officer James "picking at him," he cites no specific incidents involving James that would have put the defendants on notice that James posed a "substantial risk of serious harm."  Although he states vaguely that he had been threatened by James, the plaintiff does not specifically describe those threats or that he had notified prison officials of a *specific* fear or likelihood of physical attack.  In other words, the general allegations asserted by the plaintiff fail to show that the defendants were aware of events or circumstances from which they could have drawn the inference that he faced a "substantial" or "excessive" risk of harm or that it was a "strong likelihood" that he would be injured by Officer James.  Absent such a showing, the plaintiff cannot maintain a constitutional claim against the three supervisory defendants.

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the Plaintiff's objections, the court finds that the magistrate judge's report is due to be and is hereby ADOPTED and the magistrate judge's recommendation is ACCEPTED.  The court, therefore, ORDERS that all of the plaintiff's claims in this action, *except the excessive force claim against Officer Jason James*, are due to be and hereby are DISMISSED WITHOUT PREJUDICE for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).[1]  The court further ORDERS  that the remaining excessive force claim against Officer Jason James is REFERRED to the magistrate judge for further proceedings.

DONE and ORDERED this 24th day of October 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[1] The magistrate judge recommended that the dismissal be "with prejudice."  However, the court declines to adopt that portion of the recommendation and dismisses the claims "without prejudice."